UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN D. PUGH,

       Plaintiff,

v.

JANET A. PANOZZO,

       Defendant.
_____/

Case No. 2:25-cv-11723

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

Damien Pugh, proceeding *pro se*, brought this suit against Janet A. Panozzo for allegedly building a structure within the parameters of his real property. He seeks injunctive relief, specifically asking the Court to order Panozzo to remove the structure from his property. ECF No. 1. He also applied to proceed *in forma pauperis*. ECF No. 2. The application supports his claim of poverty, so it will be granted. However, as explained below, his suit is improperly duplicative of an already-pending suit in the Western District of Michigan, so the complaint will be dismissed.

**I.    BACKGROUND**

The factual allegations in Pugh's complaint are limited. He simply alleges that he was in the process of building a house on his parcel of land in Stanwood,

Michigan, when he "noticed a structure from the residence of Janet A. Panozzo built within [his] parcel parameters." ECF No. 1 at PageID.4. He alleges that he did not authorize the structure to be built and that no zoning records or permits were issued for the structure to be built. *Id.* But notably, he attached a "Notice of Removal" to his Complaint, stating the following:

> I the plaintiff, Damien D Pugh is requesting my case be transferred from the United States District Court Western District of Michigan Southern Division on grounds that the case has evolved into a conflict of interest.

ECF No. 1-1 at PageID.6.

Upon further investigation, Pugh has an open case in the Western District of Michigan, *Pugh v. Panozzo*, No. 1:25-cv-00327 (W.D. Mich.). In that case, Pugh filed a motion for recusal on May 30, 2025. Five days later, Magistrate Judge Phillip J. Green denied the motion. The next day, Pugh filed his Complaint in this Court. ECF No. 1. But his case in the Western District remains open.

## II. LEGAL STANDARD

Because Pugh proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Pugh also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Pugh is not immune from compliance with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

Generally, a plaintiff does not have a right to maintain identical actions involving the same subject matter at the same time against the same defendants. *Partee v. Michigan Dep't of Corr.*, No. 1:21-CV-395, 2021 WL 1904342, at *1 (W.D. Mich. May 12, 2021) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70n (3d Cir. 1977). "Accordingly, as part of its inherent power to administer its docket, a district

court may dismiss a suit that is duplicative of another federal court suit." *Id.* (collecting cases). Further, courts have held that such duplicative complaints may be dismissed under the screening requirements of 28 U.S.C. § 1915(e)(2), as frivolous or malicious. *Partee*, 2021 WL 1904342, at *2 (collecting cases).

There is no question that the complaint filed in this district is duplicative of the earlier-filed Western District complaint, as the filings are identical. *See id.* ("A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action." (citing *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993))); *compare* ECF No. 1 *with Pugh v. Panozzo*, No. 1:25-cv-00327, ECF No. 1 (W.D. Mich.). And Pugh's inclusion of a "Notice of Removal" stating that he sought to transfer the case to this Court indicates that even he understands the two pending cases to be the same. *See* ECF No. 1-1. But the proper procedure to transfer a case is by motion, not by filing a new complaint, nor by removal. *See* 28 U.S.C. §1404. Because Pugh's complaint is duplicative, and because it does not meet the statutory requirements for change of venue, this Court will dismiss the complaint without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

- 4 -

- 5 -

2. The Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**This is a final order and closes the case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 15, 2025